IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>v.<br><br>ALL FUNDS IN 199 BANK ACCOUNTS LOCATED IN INDIA, AS LISTED IN EXHIBIT 1,<br><br>    Defendant in Rem. | NO. 3:22-CV-0663-E |

**DEFAULT JUDGMENT AND ORDER TO TRANSFER FUNDS TO UNITED STATES MARSHALS SERVICE CUSTODY**

Based on the United States' Motion for Default Judgment and Request for Order to Transfer Funds to United States Marshals Service Custody (Dkt. 24), and good cause appearing, the Court **GRANTS** the Motion, and

**HEREBY FINDS**:

A.      The United States properly provided notice of its complaint: 1) by publication in the manner and for the time period required by Rule G(4)(a)(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure; and 2) by sending notice in the manner required by Rule G(4)(b) to Trivikram Reddy; Pritvi Kumar, through their attorney Arnold Spencer; Nandana Reddy Ponaka; James Galbraith; Jason Kouri; Andrea Rodriguez; Brent Galloway; Syed Jamal; Michael Anderson; Mahmood Dillelahi; Ben Juarez; Maria Hernandez; Sri Rama Pharmaceuticals Pvt Ltd; Rekala Shekar; Texas Care Clinics

**Default Judgment and Order to Transfer Funds to United States Marshals Service Custody – Page 1**

PLLC; Trinity Health PLLC; Waxahachie Medical PLLC; Vcare Health Services PLLC; TVR Holdings LLC; TVR Management LLC; RC Shopping Plaza LLC dba Richland Commons; and Victory Assets LLC dba Victory Investments, the only persons or entities reasonably known to the government to have a potential interest in the defendant property.

  B. No person or entity has appeared to file a claim or otherwise defend this matter, with the exception of Trivikram Reddy, Pritvi Kumar, Nandana Ponaka Reddy, and the deadlines to do so have all expired.

  C. Pursuant to Fed. R. Civ. P. 55(a), the Clerk of the Court entered a default against James Galbraith; Jason Kouri; Andrea Rodriguez; Brent Galloway; Syed Jamal; Michael Anderson; Mahmood Dillelahi; Ben Juarez; Maria Hernandez; Sri Rama Pharmaceuticals Pvt Ltd; Rekala Shekar; Texas Care Clinics PLLC; Trinity Health PLLC; Waxahachie Medical PLLC; Vcare Health Services PLLC;  TVR Holdings LLC; TVR Management LLC; RC Shopping Plaza LLC dba Richland Commons; Victory Assets LLC dba Victory Investments and all other persons and entities for "failure to plead, file a claim, answer, or otherwise defend this action."  (Dkt. 23).

  D.  The government's complaint satisfies all of the requirements of Rule G(2) as stated in its motion including by pleading sufficiently detailed facts to support a reasonable belief that the government would be able to meet its burden of proof at trial that the Defendant Property All funds in 199 Bank Accounts located in India is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A), and 18 U.S.C. § 981(a)(1)(C).

E.  Through a stipulation, Trivikram Reddy; Pritvi Kumar; and Nandana Reddy Ponaka agreed to withdraw any claim or interest in the accounts and agree to not contest or oppose the forfeiture of the Defendant Property with the exception of the exclusion of identified assets listed in Paragraph 9.a., 9.b., and 9.c. of the stipulation, and also up to a total of $41,237,703.16.  (Dkt. 20, 21).  Trivikram Reddy, Pritvi Kumar, and Nandana Reddy Ponaka also agreed that all funds from the accounts listed in Exhibit A to the stipulation shall be sent to the United States Marshals Service to be deposited into an interest-bearing account with the exception of up to 100,000 INR from each of the four accounts that were identified in Paragraph 9.b. in the stipulation for settlement.  (Dkt. 20, 21).  Aside from the above exception identified in Paragraph 9.b. of the stipulation, all funds transferred shall include the funds held in each account at the time of the transfer to United States Marshals Service, and shall not be limited to the funds reported by the Government of India via MLAT.

**IT IS THEREFORE ORDERED**, **ADJUDGED**, and **DECREED** that:

1.  A default judgment is entered against James Galbraith; Jason Kouri; Andrea Rodriguez; Brent Galloway; Syed Jamal; Michael Anderson; Mahmood Dillelahi; Ben Juarez; Maria Hernandez; Sri Rama Pharmaceuticals Pvt Ltd; Rekala Shekar; Texas Care Clinics PLLC; Trinity Health PLLC; Waxahachie Medical PLLC; Vcare Health Services PLLC; TVR Holdings LLC; TVR Management LLC; RC Shopping Plaza LLC dba Richland Commons; Victory Assets LLC dba Victory Investments and all other persons and entities (with the exception of Trivikram Reddy, Pritvi Kumar, and Nandana

Reddy Ponaka) as to any right, title, and interest in the Defendant Property All Funds in 199 Bank Accounts Located in India, as listed in exhibit 1.

    2.    On April 25, 2022, the Court found probable cause that the Defendant Property All Funds in 199 Bank Accounts Located in India is subject to forfeiture pursuant to 18 U.S.C. 981(a)(1)(A) (international money laundering), 18 U.S.C. 981(a)(1)(C) (wire fraud, health care fraud, and/or conspiracy to commit wire fraud or health care fraud).  The Court issued a Warrant for Arrest of Property in Rem directing the Attorney General of the United States or his duly authorized representative to (1) transmit the warrant to an appropriate authority for serving process where the Defendant Property is located outside of the United States; (2) to arrest the Defendant Property; and (3) to take the Defendant Property into possession.

    3.    Pursuant to the parties' stipulations, all funds in all the accounts listed in the attached Exhibit A to the stipulation shall be transferred to the United States Marshals Service with the exception of up to 100,000 INR from each of the following four accounts: (1) IndusInd Bank account number 100113168014; (2) IndusInd Bank account number 150101195255; (3) Yes Bank account number 10709500000666; and (4) Yes Bank account number 107090500002075.  Any remaining funds in these four accounts above 100,000 INR shall be transferred to the United States Marshals Service.

    4.    Upon transfer of the funds to the United States Marshals Service as contemplated by the stipulations, the United States government agrees that the banks and the Government of India may release any restraint they have on the accounts pursuant to the MLAT or related seizure or arrest warrants.  Further, the United States government

does not oppose the banks and the Government of India releasing any other restraint on the accounts.

5.  The Attorney General, or a designee, is authorized to dispose of the forfeited property in accordance with law.

**SO ORDERED** this 3rd day of March, 2025.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE